Ermett Lowell BAIRD et al., Appellants,

v.

**YARBROUGH SUPPLY COMPANY,**
Appellee.

Court of Appeals of Kentucky.

March 13, 1970.

G. Phillip Deeb, Sr., Herbert H. Monsky, Louisville, for appellants.

Wilbur Fields, Louisville, for appellee.

DAVIS, Commissioner.

The appellants were plaintiffs in the trial court seeking damages from appellee, Yarbrough Supply Company, based on alleged breach of warranty as to a dry-cleaning machine sold to plaintiffs by Yarbrough. The trial court entered summary judgment for Yarbrough which ruling is attacked on this appeal.

Plaintiffs filed suit in January 1964 asserting that they had purchased a dry-cleaning machine from Yarbrough in September 1962 for $5400 "under a ten (10) year warranty agreement." The complaint charged that Yarbrough's employee, Miracle, had fraudulently misrepresented the qualities and capabilities of the machine; that the machine was never suitable for the purposes for which it was intended; and damages for alleged loss of estimated profits were sought.

Yarbrough moved that plaintiffs be required to make the complaint more specific and file a copy of the ten-year warranty agreement, and that motion was sustained by order of February 6, 1964. However, the plaintiffs never complied with that order, later explaining that no such written agreement ever existed and that the allegation to the contrary was inadvertently made. An amended complaint was filed, by leave of court, on February 21, 1964, reiterating and particularizing the allegations of the original complaint (and repeating the erroneous allegation of a ten-year warranty). The manufacturer of the dry-cleaning machine, Standard, Inc., was named as an additional defendant, and the prayer for damages was laid against Yarbrough and Standard, jointly and severally.

Plaintiffs obtained judgment *pro confesso* against Standard, followed by judgment for recovery of $9100 pursuant to a finding by jury. Yarbrough apparently was not involved in that facet of the proceedings and had never filed any defensive motion or answer, supposedly awaiting compliance by plaintiffs with the order requiring filing of the ten-year warranty.

Some year or more after the judgment against Standard (apparently an uncollectible one), plaintiffs renewed their effort to recover from Yarbrough by moving for default judgment. Yarbrough's earlier motion for summary judgment had been denied. At long last, with the court's leave, Yarbrough filed answer. The case was set for jury trial and allotted to hearing before a common pleas judge other than the judges who had been hearing the earlier phases of the case. After hearing the testimony of one of the plaintiffs, the trial judge granted summary judgment for Yarbrough, carefully explaining that he was not disposing of the case by peremptory instruction to the jury. The basis for the trial judge's ruling is reflected in the following excerpt from the transcript:

"THE COURT: What I will do may result in injustice, but the way this case has been practiced, I feel that the motion for summary judgment on the part of the defendant ought to be sustained. Here you say in this complaint you are depending upon a ten-year warranty, and you have none, and if you did, it would have to be in writing; and furthermore, without notice to your codefendant, you proceed to get a judgment against the manufacturer, Standard, Inc., in Arkansas, and proceed to attempt to enforce that judgment."

\* \* \* \* \* \*

"This suit is an action for damages under an express warranty covering a period of ten years and in writing. This is reflected by the pleadings in the case, but counsel now admits that the pleadings are faulty in that no written ten-year warranty ever existed and that his cause must be sounded in an implied warranty with all of which this Trial Court agrees. That being true, his wrongdoer is the manufacturer of the article—and who is a codefendant in this action—and not the defendant, Yarbrough, who was merely an instrumentality by which the plaintiff came into

possession of the alleged defectively manufactured equipment."

In extensive briefs the parties present many arguments in support of their respective views. We decline to enter upon a discussion of them further than to say that in our view there existed genuine issues of material facts, so that summary judgment was inappropriate. CR 56.03.

In reaching this conclusion we do not decide, but expressly reserve the legal issues argued in briefs on this appeal, since it is our view that none of the questions presented is dispositive of the rights of the parties in the present posture of the case.

The judgment is reversed for further proceedings conforming to the opinion.

All concur.